# MERRIMACK,

## DECEMBER TERM, A. D. 1845.

$\frac{17}{72}$ $\frac{458}{8}$

## Knowlton, Ap't, *v.* Bradley, Adm'r.

A trustee is not answerable for losses occurring without any fault or negligence on his part.

The rule that a trustee cannot in any case invest funds in his hands upon personal security, has not been adopted in this State. But if a trustee neglect to invest or take security in some mode, a good reason should be shown.

Where a guardian takes a note payable to himself individually, without a designation of his official character, he will not be permitted to show, on the failure of the maker of the note, that it was taken for the funds of his ward.

A guardian or trustee is not chargeable with interest on money upon which no interest is received, unless it lies idle by his neglect; and it is not neglect to keep on hand a sum sufficient to meet contingent expenses.

If trust funds are mixed with the personal funds of a guardian or trustee, and no separate account kept, he must be charged with interest at the rate of five per cent. at least, and his bondsmen may be liable in case of loss.

A reasonable sum will be allowed for the services of a guardian, if obliged to disburse money on account of his ward.

Appeal from the decree of the judge of probate, charging the appellant with sundry sums in an account rendered by him as guardian of Asa Herrick.

The reasons of appeal were: 1. Because the appellant was disallowed by the said judge that portion of his ward's funds which was loaned to one Asaph Evans, which is likely to be lost by his subsequent failure, although the

Knowlton *v.* Bradley.

guardian, as he alleges, used due prudence in making the loan, and due diligence at all times to avoid and prevent any loss thereby.

2. Because he was charged with compound interest on all the funds in his hands during the whole time of his guardianship, whereas, during some portions of that period said funds were not drawing interest, and during the whole time were not, and could not be, invested at compound interest.

3. Because his annual charge of twelve dollars for taking care of said ward (who was an idiot) was in great part disallowed, and a gross sum of $65, averging about $5 a year, was substituted therefor, whereby he was not allowed any, even simple interest, on such allowance for his services, extending through a period of twelve or thirteen years.

It appeared that the appellant loaned to said Evans the sum of $340, in 1834, on his personal security, and took therefor a note payable to himself; that in 1838 Evans, who, at the time of the loan, was considered perfectly sound and a safe person with whom to invest money, failed, in consequence of which a portion of said debt was lost.

*Fletcher*, for the appellant, cited 4 Johns. Ch. 629, *Johnson* v. *Brown;* 5 N. H. Rep. 436, *Runlett* v. *Bell.*

*Eaton*, for the appellee.

PARKER, C. J. A trustee is not answerable for losses occurring without any fault or negligence on his part.

The rule that a trustee cannot in any case invest funds in his hands upon personal security, has not been adopted in this State. But generally, security should be obtained, for any except small sums, by mortgage, or deposit in a savings bank, or by a surety upon a note; and if a trustee

---
Knowlton *v.* Bradley.
---

neglect to invest or to take security in some mode, a good reason should be shown. 4 Johns. Ch. 281, *Smith* v. *Smith.* If a guardian lends the funds of his ward to a merchant in business, without a surety, and suffers them to remain for any length of time, that is such negligence as will make him answerable for losses occurring from such loan. If he take a note payable to himself individually, without a designation of his official character, he cannot be admitted to show, on the failure of the debtor, that it was taken for the funds of his ward.

If a guardian or trustee keeps the funds of his trust separate from his own, and accounts for the interest received, he is not to be charged when the money lies idle, except for his neglect; and it cannot be considered neglect if a sum sufficient to meet contingent expenses be kept on hand, or if a sum so small that a prudent person would not seek an investment for it lies idle.

But if he mixes the money with his own and keeps no separate account, he must be charged with interest at five per cent. annually, at least (8 N. H. 455, *Gordon* v. *West*), and his bondsmen may be liable in case of loss.

If the guardian is obliged to disburse money from time to time, he may charge a reasonable sum for these services, according to their amount and character. There is nothing before us to show any services, nor does it appear that the decree of the judge of probate is otherwise unjust or burdensome.

*Decree affirmed.*